UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tammy Crampton, et al.,

        Plaintiffs,               Case No: 14-14136
                                                Hon. Denise Page Hood

v.

The Kroger Co. d/b/a
Kroger # 576, et al.

        Defendants,
_____/

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DOC. # 24) AND (DOC. # 25) AND DEEMING MOOT PLAINTIFFS' MOTION FOR SHOW CAUSE (DOC. # 30)**

**I.    INTRODUCTION AND BACKGROUND**

Plaintiffs Tammy Crampton ("Crampton") and Mary Beth Savage ("Savage") both worked as grocery store clerks for Kroger. Their immediate supervisor was Maggie Phan. United Food and Commercial Workers Local #876 ("UFCW") is a labor union that represents Kroger # 576 employees, including Plaintiffs. Plaintiffs allege that their employment is governed by a Collective Bargaining Agreement ("CBA") negotiated by UFCW. Kroger has a work rule that forbids employees from making store purchases while "on the clock." According to Kroger, violation of this work rule will result in discharge.

1

Plaintiffs made purchases at the Kroger store while they were on the clock working. The same day they made these purchases, Phan suspended both women "pending advisability of discharge" for "purchasing on the clock." Plaintiffs contend that this was a commonly violated work rule and many employees violated this rule without ramifications. UFCW filed grievances on behalf of Plaintiffs, but these grievances were denied at "Step 3," by Kroger's labor relations manager Joe Gusman. Both Plaintiffs requested that UFCW proceed to Step 4 which is arbitration. UFCW refused to proceed to arbitration. In Crampton's case, UFCW stated it would "not take such cases ("purchasing on the clock") to arbitration.

Plaintiffs are suing Kroger for breach of the CBA. They argue that the CBA provides that "No employee shall be discharged or disciplined, except for just cause." (Doc. 1 pg. 4). And, it includes a grievance procedure which provides for binding arbitration. According to Plaintiffs, arbitrators have the ability to reverse an adverse employment decision.

Plaintiffs filed suit against Kroger and the UFCW. Plaintiffs allege that Kroger breached the collective bargaining agreement by firing them in violation of non-bargained for work rules. Plaintiffs allege that they were not fired for just cause, but rather for minor violations of Kroger's "Purchase Policy."

Plaintiffs allege that UFCW breached its duty of representation. They argue

that although the UFCW filed grievances, it failed to pursue the matter to arbitration and challenge the terminations. Instead, Plaintiffs contend that UFCW acceded to Kroger's decision to terminate Plaintiffs and agreed that the terminations were reasonable. Plaintiffs further allege that UFCW has an official policy of failing to challenge violations of the "Purchase Policy." According to Plaintiffs, UFCW's conduct was arbitrary and lacked good faith.

Defendants disagree. Kroger says its policy is clear that employees who make purchases on the clock will be terminated. It contends it has consistently and uniformly applied this policy to all known employees who violate this rule. Accordingly, it did not breach the CBA. The Union states that it was justified in refusing to pursue Plaintiffs' grievances to arbitration and its decision was rational. The UFCW contends it did not act with bad faith or in an arbitrary or discriminatory manner.

Plaintiffs' First Amended Complaint contains a third count alleging race discrimination against Crampton in violation of Title VII. In Kroger's Motion for Summary Judgment, it states that Plaintiffs agreed to withdraw this count. The parties did not address this issue at oral argument. Plaintiffs' response to Kroger's motion for summary judgment does not address the racial discrimination count. Plaintiffs' failure to address the claim demonstrates abandonment and waiver of

the claim. *See Brown v. Gojcaj Foods, Inc.*, No. 09–14537, 2011 WL 1980533, at *3 (E.D.Mich. May 20, 2011).

## II. STANDARD OF REVIEW

A Court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id*.

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. See, *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

### III. DISCUSSION

Plaintiffs bring a hybrid § 301 claim of the Labor–Management Relations Act, 29 U.S.C. § 185, which states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to citizenship of the parties.

A hybrid § 301 claim is "the consolidation of two separate but interdependent actions: one against the employer for breach of the collective-bargaining agreement and one against the union for breach of the duty of fair representation." *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1238–39 (6th Cir.1993). "To prevail under any claim, the employee must show both that the employer discharged [her] in violation of the collective-bargaining agreement and that the union breached its duty of fair representation during the grievance process." *Id.* at 1239. "Unless [plaintiff] demonstrates both violations, [she] cannot succeed against either party." *Bagsby v. Lewis Bros. Inc.*, 820 F.2d 799, 801 (6th Cir.1987). Consequently, the two claims are often combined in a single lawsuit and referred to as a hybrid § 301/fair representation claim. *Robinson,* 987 F.2d at 1239.

### A.     UFCW Alleged Breach of the Duty of Fair Representation

Plaintiffs contend that UFCW breached its duty of fair representation by failing to pursue their claims to arbitration. They allege that this failure was arbitrary and in bad faith because the work rule was allegedly frequently violated. Plaintiffs also allege that Defendants have a policy of not challenging "purchase policy" grievances. Defendants argue that the decision to forgo arbitration was lawful because Plaintiffs' claims lacked merit.

Neither party cited any case law that examines whether a union that has a

policy of not pursuing certain claims to arbitration violates its duty of fair representation. Plaintiffs have not cited to any authority that examines a union's policy regarding refusal to arbitrate certain claims. As a result, the Court examined authority exploring a union's obligations regarding its duty of fair representation.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *White v. Detroit Edison Co.*, 472 F.3d 420, 426 (6th Cir. 2006) citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). The duty of fair representation does not require a union to fully pursue each and every grievance filed. *Driver v. U.S. Postal Serv., Inc.*, 328 F.3d 863, 869 (6th Cir. 2003). *See also*, *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) ("we do not agree that the individual employee has an absolute right to have his grievance taken to arbitration."). A union's failure to pursue a grievance after conducting a thorough investigation of the employee's complaint, and reaching a reasonable conclusion that the complaint does not merit further action, does not necessarily violate the union's duty of fair representation. *Driver v. U.S. Postal Serv*., Inc., 328 F.3d 863, 869 (6th Cir. 2003).

Plaintiffs allege UFCW's refusal to arbitrate their grievances was arbitrary. The Court disagrees. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior

7

is so far outside a "wide range of reasonableness," as to be irrational. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)(internal citations omitted). "[A]n unwise, or even an unconsidered decision by the union is not necessarily an irrational decision." *Air Line Pilots*, 499 U.S. at 78. Courts must be highly deferential when substantively examining the performance of a union's representation. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991).

      First, the Court wants to clarify that, despite Plaintiffs' contentions, Kroger's "Purchase Policy" was included in the CBA. The CBA states that Kroger has the right to establish rules for its business operations, the violation of which may be cause for discharge. See, Doc. 25-7 at 6 CBA ("Article 4 - Management Rights: The management of the business. . .including. . . the right to establish and maintain rules and regulations covering operation of the stores, a violation of which shall be among the causes for discharge, are vested in the Employer. . ."). Plaintiffs are subject to the rule and the rule was encompassed through the CBA. UFCW's failure to challenge a clear policy within the discretion of management is not arbitrary or irrational. *See also*, *Rural Metro Ambulance Co.,* 123 Labor Arbitration Reports 604, 613 (BNA 2007) ("it is generally understood that where proof of misconduct has been established the decision as to the appropriate penalty is a determination that lies within the discretion of management.").

Kroger's policy handbook emphatically states that "*Any violation* of Employee Purchase Policy *will result in discharge*." (emphasis added). Both Plaintiffs acknowledged understanding this work rule and admitted violating this rule. Doc. 24-4 Crampton Dep. Pg. 47; 5-19 - pg 48; 1-11. Doc 24-3 Savage Dep. Pg 37; 19-21; pg. 39; 21-24.  UFCW processed Plaintiffs' grievances to Step 3, but concluded that the grievances were not worth pursuing to arbitration. (Doc. # 24). UCFW largely based this decision on the fact that Plaintiffs admitted that they knew their conduct violated company policy and they had done so before. As noted by the Sixth Circuit, "[t]he duty of fair representation does not require a union to fully pursue each and every grievance filed." *Driver*, 328 F.3d at 869. UFCW's refusal to pursue Plaintiffs grievance to arbitration when the employees knowingly violated a work rule the consequence of which is termination, was not unreasonable or completely irrational as to rise to the level of being arbitrary.

Plaintiffs failed to establish that UFCW's refusal to arbitrate a termination that was the result of violating known work rule was done so in bad faith. To show "bad faith," plaintiff must show the union acted with "improper intent or motive." *Bowerman v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local No. 12*, 646 F.3d 360, 368 (6th Cir. 2011), citing *Williamson v. Lear Corp.*, 183 F. App'x 497, 505 (6th Cir. 2006). Bad faith "encompasses fraud,

9

dishonesty, and other intentionally misleading conduct." *Burkholder v. Int'l Union, United Auto. Aerospace & Agr. Implement Workers of Am.*, Local No. 12, 700 F. Supp. 2d 895, 907 (N.D. Ohio 2010), aff'd sub nom. *Bowerman v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local No. 12*, 646 F.3d 360 (6th Cir. 2011). Plaintiffs do not bring forth any information that suggests that UFCW acted with bad faith. They did not produce any evidence of ill intent or motive in failing to arbitrate Plaintiffs' claims.

Plaintiffs argue that the rule was selectively enforced as it was commonly broken by others. But, this argument is unpersuasive. First, Plaintiffs failed to show that the rule was selectively enforced. Plaintiffs identified various individuals they said violated the "purchase policy," such as Deborah Vargas and Paul Bryson. Plaintiffs allege that they witnessed both of these individuals violate the rule multiple times. *See*, Crampton Dep. 89-92, 115-116; Savage Dep. 53-54, 85-88. However, both Plaintiffs admit that they did not report these violations to management. In fact, Savage was asked, "Do you have knowledge that anyone, any one of your colleagues, informed management. . . of the other employees who you saw on a regular basis purchasing items on the clock?" Savage replied, "I would have no idea if anyone informed them." Savage Dep. 89- 1-11. The Court agrees with the reasoning of the Bureau of National Affairs, which stated, "absent

evidence that the Company was aware of prior incidents in which [the claimant violated the company rule], the arbitrator cannot conclude that enforcement was so lax as to constitute approval or tolerance of the purported practice." *Southern California Edison*, 89 Labor Arbitration Reports 1129, 1136 (1987). Absent affirmative evidence Kroger knew about the other "Purchase Policy" violations, Plaintiffs cannot show that the policy was selectively enforced.

Second, stating that Plaintiffs' behavior should be excused because everyone violated the "Purchase Policy" is not supported by the record. If anything, this statement only demonstrates that Kroger may be too trusting of its employees. *See*, *Southern California Edison*, 89 Labor Arbitration Reports 1129, 1136 (BNA 1987). (Perhaps the "trust of certain employees was unwarranted, and those employees, including the Grievant, took advantage of the opportunity. The fact that several employees may have done so does not establish Company condonation of [the prohibited behavior].").

In light of the above, Plaintiffs failed to overcome their burden to show a material fact exists as to whether UFCW breached its duty of fair representation.

### B.     Kroger's Alleged Breach of Collective Bargaining Agreement

As noted, to recover against either the company or the union, a plaintiff

must show that the Company breached the collective bargaining agreement and that the Union breached its duty of fair representation. *Bagsby v. Lewis Bros. Inc. of Tennessee*, 820 F.2d 799 (6th Cir.1987). "Unless [plaintiff] demonstrates both violations, he cannot succeed against either party." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559–60 (6th Cir. 1990)(citing *Hines v. Anchor Motor Freight*, 424 U.S. 554, 570–71 (1976)). Because Plaintiffs cannot establish that the UFCW breached its duty of fair representation, it cannot sustain its hybrid claim. Accordingly, the Court does not need to address whether Kroger breached the CBA.

### IV. Plaintiffs' Motion to Show Cause for Failure to Honor Subpeona for Deposition (Doc. # 30)

Plaintiffs filed a motion to show cause Peter Vargas for failing to honor a subpeona for deposition. Since the Court grants summary judgment in favor of Defendants, this motion is moot.

### V. CONCLUSION

Defendants' Summary Judgment Motions (Doc. # 24) and (Doc. # 25) are

**GRANTED**. Plaintiffs' show cause motion (Doc. # 30) is **MOOT**.

**SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2016, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager